# Case No. 2,579.

## CHAMBERLAIN et al. v. STANTON et al.

### [2 Woods, 164.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1875.

WAR — CAPTURED AND ABANDONED PROPERTY — PAYMENT TO FRAUDULENT CLAIMANT — REMEDY OF REAL PARTY—LIMITATIONS.

1. During the late war between the United States and the insurgent states, a quantity of cotton was seized in one of the insurgent states by an officer of the government, under authority of the captured and abandoned property act, was sold, and its proceeds paid into the treasury. Held, that the question whether or not the cotton was in fact captured or abandoned property was not open to litigation in the courts.

2. When parties not entitled to said proceeds, within two years after the suppression of the Rebellion, brought a fraudulent suit in the court of claims to recover the same from the United States, and, by means of false allegations, false testimony and fraud, recovered judgment and received said proceeds from the treasury, a bill filed by the real owners against such persons, more than two years after the suppression of the Rebellion, praying for a decree against them for the amount of said proceeds, was dismissed on demurrer for want of equity.

[In equity. Bill by Julia L. Chamberlain and others against Huldah L. Stanton and others to recover moneys received by the latter from the United States, as the proceeds of the sale of alleged captured and abandoned property, which property in fact had belonged to plaintiffs. Defendants demurred for want of equity.]

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

T. J. Semmes and George S. Sawyer, for complainants.

D. C. Labatt and J. Aroni, for defendants.

WOODS, Circuit Judge. The case made by the bill is as follows: The complainants say that during the late war between the United States and the states in rebellion, they were the owners of one hundred and ninety-six bales, and one-half a bale of cotton; that during the war the cotton was seized by a subordinate officer of the United States, without orders from any competent authority; the cotton was sold as captured or abandoned property, and its proceeds, amounting to $51,969, paid into the treasury of the United States; that the cotton was never in fact captured or abandoned property; the United States never acquired any interest in it or its proceeds, but acted in the matter simply as an ordinary depositary or bailee of this specific fund for the benefit of the true owner. The bill further alleges that the defendants, having no title to said cotton, nevertheless prosecuted a suit for the proceeds thereof against the United States in the court of claims, and by means of false allegations, false testimony and fraud, on the 7th day of March, 1870, recovered a judgment for said proceeds, and the amount thereof was paid to them by the officers of the treasury of the United States.

The prayer of the bill is for a decree against the defendants for the said sum of $51,969, the proceeds of said cotton received by the defendants, and five thousand dollars for special damages sustained by complainants by reason of the premises. To this bill, defendants have filed a demurrer for want of equity. On this demurrer the cause has been argued and submitted.

The complainants have made no case for the intervention of this court. According to the averments of the bill, the proceeds of this cotton found their way into the treasury of the United States as the proceeds of captured or abandoned property. Whether the cotton was really captured or abandoned is not now an open question. There was but one way of recovering the money after it had been paid into the treasury as such, and that was by bringing suit in the court of claims. See act of March 12, 1863 (12 Stat. 820). The statute declares, that "any person claiming to have been the owner of any such abandoned or captured property may at any time, within two years after the suppression of the Rebellion, prefer his claim to the proceeds thereof in the court of claims, and on proof to the satisfaction of said court of his ownership of said property, of his right to the proceeds thereof, and that he has never given any aid or comfort to the present Rebellion, may receive the residue of such proceeds after the deduction of any lawful expenses attending the disposition thereof," etc. The law never contemplated, that a party claiming to be the owner of captured or abandoned property might recover the proceeds thereof after his claim was barred by the limitation of the statute, or without proving his ownership and loyalty to the satisfaction of the court of claims, by bringing suit therefor against a party who had, by fraudulent practices, received said proceeds from the United States treasury.

If the averments of the bill are true, the United States is entitled to the proceeds of the cotton claimed by complainants. The title of the United States became absolute upon the expiration of two years from and after the close of the Rebellion, unless suit therefor was brought within that time by the real owner. According to the bill no such suit was brought, and the right of the real owner was forever cut off. The fact that some person, not the real owner, has by fraud and perjury cheated the United States out of the proceeds of the cotton, does not confer any new rights upon the former owner of the cotton. If the defendants have fraudulently got from the treasury of the United States, money which did not belong to them, the United States has a right of action to recover the same, but the complainants have no such right, and they cannot acquire any such right by adopting the frauds and perjuries of the defendants. Demurrer sustained.